NOT DESIGNATED FOR PUBLICATION

No. 116,746

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERRICK D. COLEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 28, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*: Derrick D. Coleman appeals the district court's revocation of his probation and imposition of his underlying prison sentence. We granted Coleman's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State filed a response and joined in Coleman's motion for summary disposition. Finding no error in the district court's ruling, we affirm.

On May 11, 2015, Coleman pled guilty to two counts of criminal threat. The district court sentenced him to 12 months' probation with an underlying sentence of 10 months' imprisonment. On July 8, 2016, Coleman stipulated to violating his probation by committing a new crime, specifically, criminal damage to property. On appeal, Coleman

1

acknowledges that he violated his probation by committing a new crime, but he argues the district court erred in revoking his probation without first imposing an intermediate sanction.

Probation from serving a criminal sentence is an act of grace by the sentencing judge, and unless otherwise required by law, is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once a defendant on probation has violated that probation, the district court has discretion to revoke the probation and order the defendant to serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). Judicial action constitutes an abuse of discretion if the action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party claiming error bears the burden of showing the abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, the Kansas Legislature limited a district court's discretion to revoke probation and order a defendant to serve his or her underlying sentence by amending K.S.A. 22-3717. Per the statutory amendments, if a defendant violates the conditions of probation, the district court is to impose graduated intermediate sanctions before revoking probation and imposing the underlying sentence. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, K.S.A. 2016 Supp. 22-3716(c)(8)(A) permits a district court to immediately revoke probation without imposing intermediate sanctions if the offender commits a new felony or misdemeanor offense while on probation. Whether a district court properly revoked probation and imposed an underlying sentence without first imposing intermediate sanctions is a question of law over which our court exercises unlimited review. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Because the district court found that Coleman committed a new crime while on probation, the district court was permitted to revoke his probation and impose the underlying sentence without first ordering an intermediate sanction. See K.S.A. 2016 Supp. 22-3716(c)(8)(A) (no intermediate sanctions required if probationer commits a new crime); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006) (the district court may revoke defendant's probation if the defendant has violated probation).

We find the district court's decision to revoke Coleman's probation upon his commission of a new crime was not arbitrary, unreasonable, or fanciful. Accordingly, the district court did not err in revoking Coleman's probation and imposing the underlying prison sentence.

Affirmed.